JOSEPH SCUTELLA, Respondent, *v.* COUNTY FIRE INSURANCE COMPANY OF PHILADELPHIA, Appellant.

Fourth Department, January 7, 1931.

*Shire & Jellinek* [*James M. H. Wallace* and *Joseph Swart* of counsel], for the appellant.

*Henry P. Nevins,* for the respondent.

CROUCH, J.  On August 27, 1924, Joseph Scutella and Katherine Scutella, husband and wife, owned certain premises as tenants by the entirety.  Defendant on that day issued a policy of fire insurance covering a dwelling house thereon.  The policy ran to Joseph individually as owner.  On February 12, 1926, the house burned.  Thereafter this action was commenced to recover the amount of the loss.  The answer, served on or about July 21, 1926, alleged, among other things, a breach of the conditions which voided the policy (a) if the building insured was on ground not owned by the insured in fee simple; (b) if any change other than by death take place in the interest, title or possession of the subject of insurance.  Joseph died September 14, 1927, while the action was pending.  Upon defendant's motion an order was made September 24, 1928, requiring the action to be revived and continued by Katherine, as administratrix, within twenty days, otherwise to be deemed abated.  No notice of the motion was given to Katherine, nor did the order conform to section 88 of the Civil Practice Act.  Thereafter upon a motion by Katherine in November, 1928, the court at a Special Term held in April, 1930, made an order vacating the order of September 24, 1928; directing the substitution of Katherine as administratrix as plaintiff and further directing that Katherine individually might be brought in as a party plaintiff and that she might serve " an amended or sup-

plemental complaint," copy of which was annexed to the moving papers. The appeal is from that order.

So much of the order appealed from as vacates the order of September 24, 1928, may be affirmed, without discussion.

The remaining question is not so easily disposed of. The proposed complaint alleges that Joseph and Katherine owned the premises as tenants by the entirety; that the agents of defendant were notified of such title at the time the policy was issued; that by the inadvertence and mistake of the agents the policy was issued to Joseph individually instead of to Joseph and Katherine " as tenants by the entirety ; " that Joseph and Katherine were Italians and " were not familiar with the reading of the English language and never discovered the mistake in the issuing of said policy until after the loss by fire." Judgment is prayed that the policy be reformed so as to run to Joseph and Katherine " as tenants by the entirety" and that as so reformed, Katherine, " individually and as administratrix," recover the amount of the loss.

The policy provided that " no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity * * * unless commenced within twelve months next after the fire."

The objection of defendant relates only to the bringing in of Katherine individually, the contention being that the limitation is a bar to any individual claim by her and hence that the court does a vain thing in making her a party plaintiff. There is no objection, based on the limitation, to reviving and continuing the action in the name of Katherine as administratrix, nor to the amendment of the complaint looking to the reformation of the policy.

For present purposes the allegations of the proposed new complaint may be taken as true. We may approach the question of the rights of the parties by assuming that the policy ran to Joseph and Katherine " as tenants by the entirety." Upon that assumption, was the defendant's contract one which insured the individual interest of Joseph and the individual interest of Katherine as two separate and distinct matters, so that each, in the event of loss, had a separate and distinct cause of action, or was it one which insured as an entity the combined and joint interests of both, giving rise, in the event of loss, to a single cause of action vesting jointly? If it was the former, Katherine's cause of action seems to be barred by the twelve months' limitation clause in the policy. (Compare *Harvey* v. *Cherry,* 76 N. Y. 436, 443; *Matter of Goodrich* v. *Village of Otego,* 216 id. 112.) Under such circumstances, the court will not add or substitute new parties.

(*Sapone* v. *N. Y. C. & H. R. R. R. Co.*, 130 Misc. 755.) If, however, the latter was the contract, then the non-joinder of Katherine in the action timely brought by Joseph was merely a defect of parties plaintiff, which might be remedied at any stage. (Civ. Prac. Act, § 192; Id. § 193, subd. 3, as amd. by Laws of 1923, chap. 250.) And permission to serve a supplemental complaint alleging material facts unknown when the former pleading was made or occurring thereafter could properly be made, even though additional relief by way of reformation was asked. (*Eighmie* v. *Taylor*, 39 Hun, 366; *Deyo* v. *Morss*, 144 N. Y. 216.)

We are disposed to think that the contract, reformed as proposed, insured as an entity the combined and joint interests of Joseph and Katherine. While in this State there is no such thing as an estate by the entirety in personal property, there may be a joint ownership analogous thereto, at least so far as survivorship is concerned. (*Overheiser* v. *Lackey*, 207 N. Y. 229, 236; *Matter of Blumenthal*, 236 id. 448, 453.)

The description of the insured in the reformed policy — " as tenants by the entirety "— may, we think, be taken as evidencing an understanding between all parties to the policy that the husband and wife were to be jointly interested in any proceeds and hence in any right of action to recover them. After loss and pending payment or recovery, the death of either party would vest the entire claim in the survivor except possibly as to one-half the usufruct between the date of loss and the date of death.

The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order affirmed, with ten dollars costs and disbursements.