## (March 15, 1965)

■ ALLIED 31ST AVENUE CORPORATION, Respondent, v. CITY OF NEW YORK et al., Appellants. (And Third-Party Action.) — In an action to recover damages for trespass and injury to real property, in which certain of the defendants had moved to dismiss the complaint for lack of prosecution, the defendants appeal as follows from two orders of the Supreme Court, Queens County: (1) All five defendants appeal from an order, dated December 26, 1963 and entered December 30, 1963, which granted plaintiff's cross motion to amend the complaint so as to increase the amount of the damages demanded and so as to make two certain corporations additional parties plaintiff. (2) All the defendants, other than Consolidated Edison Company, appeal from so much of an order, dated April 9, 1964 and entered April 13, 1964 upon reargument of the plaintiff's cross motion, as adhered to the original determination stated above. Pursuant to the authority conferred by statute (CPLR 5517), upon the appeal of the Consolidated Edison Company the court will review the subsequent order made on reargument, despite its failure to take a separate appeal therefrom. Appeals from the original order entered December 30, 1963 dismissed, without costs, as academic; such order was superseded by the later order granting reargument. Order entered April 13, 1964, made upon reargument, modified to the extent of: (a) striking out all its provisions which grant plaintiff's cross motion to amend the complaint so as to add two parties plaintiff, and which direct that the complaint be amended so as to permit such parties to be added; and (b) substituting therefor a provision denying plaintiff's cross motion to the extent that it seeks to amend the complaint so as to add such parties plaintiff. As so modified, the said order, insofar as appealed from, is affirmed, without costs. Plaintiff's time to serve a further amended complaint without the additional parties plaintiff is extended until 30 days after entry of the order hereon. The defendants' contention on this appeal that the complaint should have been dismissed unconditionally for lack of prosecution is academic, in view of the fact that the orders appealed from do not recite any disposition whatever of defendants' motions to dismiss the complaint; nor does the record contain any notice of appeal from the separate orders made upon such motions. Where, as here, the three-year Statute of Limitations had already expired at the time the cross motion was made as well as at the time it was granted and at the time the amended complaint was served pursuant to the order granting the motion, it was error to permit the additional parties plaintiff to be joined (*Scutella* v. *County Fire Ins. Co.*, 231 App. Div. 343). The granting of permission to increase the damages demanded in the second cause of action was proper even in the absence of a formal notice of cross motion, since the court, both on the original motion and on the motion for reargument, had the opportunity to hear argument in opposition to the relief requested. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.