Vinci Riha and Alice Riha, a/k/a Alice Longo, Plaintiffs-Appellees, *v.* Western National Bank of Cicero *et al.*, Defendants—(Ann Longo, Intervening Petitioner-Appellant.)

(No. 55690;

First District (2nd Division)—May 22, 1973.

Gomberg, Missner & Schaps, of Chicago, (Sidney D. Missner, of counsel), for appellant.

Clarence J. Walsh, of Chicago, (Earl R. Reynolds, of counsel,) for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Intervenor, Ann Longo (the wife of Joseph Longo), appeals from a judgment in favor of plaintiffs in an action to reform a trust agreement. Her sole contention on appeal is that plaintiffs failed to prove their case by clear and convincing evidence.

On June 24, 1965 a trust agreement was executed naming Western National Bank of Cicero as trustee and Alice Longo, Vinci Riha and Joseph Longo as beneficiaries in joint tenancy with the right of survivorship. The subject matter of the trust is real estate located in Oak Park, Illinois.

Plaintiffs, Vinci Riha and Alice Riha, are mother and daughter, respectively. Joseph Longo is the father of three illegitimate children born to Alice Riha. Alice Riha used the name of Alice Longo until the disappearance of Joseph Longo in August, 1966.

On May 26, 1967 plaintiffs filed a complaint to reform the trust agreement hereinbefore mentioned, alleging that the subject real estate was purchased with their money without contribution from Joseph Longo; that they were represented in the transaction by Joseph Longo, a person in whom they reposed the utmost faith, trust and confidence; and that Joseph Longo fraudulently caused his name to appear on the trust agreement as a beneficiary contrary to the desires of plaintiffs.

Intervenor, Ann Longo, is the wife of Joseph Longo. She filed a suit for separate maintenance after his disappearance in 1966 and was awarded all of his real estate including his interest in the trust property. Plaintiffs filed a petition to vacate the separate maintenance award, insofar as it purported to include an interest in the trust property. The court entered an order referring the issue of the trust property to the court hearing plaintiffs' complaint for reformation of the trust agreement. Thereafter Ann Longo filed an intervening petition in that proceeding contesting the requested reformation and alleging that the money contributed by Alice Riha toward the purchase price of the subject real estate was furnished by Joseph Longo.

After a trial the court found in favor of plaintiffs and entered an order requiring the name of Joseph Longo to be deleted from the trust agreement.

Intervenor's sole contention on appeal is that plaintiffs failed to prove their case by clear and convincing evidence. There is, however, a difference of opinion between the parties as to what plaintiffs' case consists of. Intervenor urges that plaintiffs' case is founded upon a theory of constructive trust arising out of a breach of a fiduciary relationship. Plaintiffs agree that that is one theory on which they proceeded below, but assert that the pleadings and proof would also support the judgment under a resulting trust theory.

■■ A resulting trust arises where one person furnished the consideration for the purchase of property while legal title is taken in the name of another. (*Harnois v. Harnois*, 10 Ill.App.3d 1062, First District, March 27, 1973, No. 56449; *Scanlon v. Scanlon*, 6 Ill.2d 224, 127 N.E.2d 435.) It is created by operation of law the instant legal title is taken, based upon a presumed intent of the parties. (*Kane v. Johnson*, 397 Ill. 112, 73 N.E.2d 321.) The burden of proof is upon the party seeking to establish the trust, and the evidence, to be effective for this purpose, must be clear and convincing. *Scanlon v. Scanlon, supra.*

■■ The complaint in the case at bar alleged that plaintiffs paid the consideration for the purchase of the subject property without contribution from Joseph Longo, and that he was named as beneficiary of the trust which held legal title to the property contrary to the desires of plaintiffs. It is our opinion, therefore, that if these allegations were supported by satisfactory evidence, the judgment appealed from is correct based upon a resulting trust theory.

Plaintiff Alice Riha testified that she paid $500 earnest money and $2000 as a down payment in connection with the purchase of the subject real estate. Cancelled checks for these amounts drawn on her account with the Berwyn National Bank, payable to Baird and Warner (the real estate agency involved) and bearing her signature under the name of Alice Longo, were admitted in evidence without objection. She testified that she withdrew money from a savings account to cover the amount of the checks, and a savings account passbook issued by Capitol Federal Savings and Loan Association, which corroborated her testimony, was admitted in evidence without objection. She further testified that she drew a check payable to the Berwyn National Bank as part payment of the purchase price of the subject realty. A cancelled check substantiating her testimony was admitted in evidence without objection. Both plaintiffs testified that Vinci Riha obtained $10,000 to cover the check by withdrawing that sum from two savings accounts. Passbooks corroborating this testimony were admitted in evidence. The balance of the purchase price was financed through the Berwyn National Bank. In connection with this financing a promissory note payable to bearer in the amount of $10,000 was executed by the trustee, Western National Bank of Cicero, and guaranteed by plaintiffs and Joseph Longo. Alice Riha testified that Joseph Longo never contributed any money toward the purchase of the subject real estate.

■■ Based upon all the evidence the trial court found that Joseph Longo contributed no money toward the purchase of the subject real estate. Intervenor has directed us to no contrary evidence in the record. Under

these circumstances we hold that plaintiffs proved a resulting trust in their favor by clear and convincing evidence.

Accordingly, the judgment is affirmed.

Affirmed.

LEIGHTON and HAYES, JJ., concur.