■     ROGER C. TABOLT et al., Doing Business as MOHAWK BOILER SERVICE, Respondents, v KMZ ENTERPRISES, INC., Doing Business as COLGATE INN, et al., Defendants, and HAMILTON ASSOCIATES, INC., et al., Appellants.—Appeal from so much of an order of the Supreme Court at Special Term, entered August 25, 1975 in Madison County, as joined appellant Emlyn I. Griffith as a defendant, amended the complaint accordingly and granted leave to serve a supplemental summons and amended complaint on said appellant. Plaintiffs, partners conducting a boiler repair business, brought the underlying action to enforce a trust pursuant to article 3-A of the Lien Law. In the instant motion the plaintiffs moved, pursuant to CPLR 1003, to direct the joinder of appellant, the president of appellant Hamilton Associates, Inc., individually as a defendant. The principal objection advanced to joinder is that the one-year Statute of Limitations contained in subdivision 2 of section 77 of the Lien Law had run and thus joinder would be tantamount to the *de novo* assertion of a claim which according to the statute was time-barred. We agree with this contention *(Allied 31st Ave. Corp. v City of New York,* 23 AD2d 678; *Scutella v County Fire Ins. Co.* 231 App Div 343; 2 Weinstein-Korn-Miller, NY Civ Prac, par 1003.08). The one-year period ran from the time the plaintiffs made the final adjustments on the boiler and thus the statute had long since expired. While we recognize the policy reasons advanced by Special Term concerning the Lien Law, the Statute of Limitations also expresses legislative intent and here must be controlling (see *Brenon v County of Oneida,* 52 Misc 2d 795). *Davis & Warshow v Iser, Inc.* (30 Misc 2d 528) is neither controlling nor apposite. Order, insofar as appealed from, reversed, on the law and the facts, and motion denied, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Reynolds, JJ., concur.