*In re* ESTATE OF LINDA VIRGINIA McGEE.—(DORIS V. OSBORNE, Adm'r of the Estate of Linda Virginia McGee, Deceased, Petitioner-Appellee; *v.* NATHANIEL JOHN McGEE, Respondent-Appellant.)

Fourth District    No. 14960

Opinion filed December 22, 1978.

Charles E. McNeely, of Thomson & Strawn, of Roodhouse, for appellant.

G. Ronald Kesinger, of Jacksonville, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:
"A man's dying is more the survivor's affair than his own."
—Thomas Mann
"The Magic Mountain"

A benchmark question in Illinois.

Can the doctrine of equitable conversion apply to insurance proceeds?

Yes.

The sequence of events: Nathaniel McGee and Linda McGee were married and moved into Nathaniel's house in Roodhouse, Illinois. Later, he executed a deed to Linda and himself placing the house in joint tenancy with the right of survivorship. In the spring of 1976, he purchased a comprehensive liability insurance policy (in his own name) which insured the house and its contents. Linda had told Nathaniel to "take care of the insurance" and he had paid the premiums from the couple's joint funds.

In early 1977, Nathaniel and Linda were divorced. The divorce decree awarded all household furniture and furnishings to Linda, but made no disposition of the real estate owned by the parties. However, shortly after the divorce, Nathaniel and Linda resumed living together at their home, and Nathaniel testified that the couple planned to remarry.

On July 5, 1977, a fire completely destroyed the McGee home and its contents. Nathaniel filed an insurance claim and was subsequently paid $24,000 compensation for the loss of the dwelling and $12,000 as remuneration for the destruction of the personal property within the house. The insurance company issued a check to respondent on or about July 15, 1977, and Nathaniel placed the money in his personal bank account.

On July 27, 1977, Linda McGee died intestate and her administratrix subsequently filed a petition in the Circuit Court of Greene County to recover assets (a portion of the insurance proceeds) from Nathaniel. After hearing the evidence, the trial court found that, although the insurance policy was in the respondent's name alone, joint funds were used in the procurement of the insurance. Furthermore—so said the trial judge—the decedent was cognizant of Nathaniel's actions in obtaining the coverage and had placed her confidence in him to accomplish the task. Accordingly, since joint funds were used and the decedent and respondent enjoyed a fiduciary relationship, the trial court decreed that either a resulting or constructive trust had arisen by the parties' actions. Consequently, the insurance policy was not controlling and one-half of

the insurance proceeds from the destruction of the home inured to the estate of Linda McGee at her death. The trial court further stated that the proceeds from the loss of the contents of the dwelling belonged entirely to Linda McGee, less personal items that belonged to respondent and to the children.

On appeal, respondent argues that the insurance contract should control and therefore he should receive all the proceeds from the destruction of the house and its contents. In the alternative, he argues that the doctrine of equitable conversion should apply and the insurance proceeds from the destruction of the dwelling should be treated as real estate; accordingly, the proceeds should vest in the respondent as the surviving joint tenant.

We are confronted by insurance proceeds from two different types of property owned by separate entities. The dwelling house was owned in joint tenancy by Nathaniel and Linda McGee. The personal property inside the house, on the other hand, was owned individually by the McGees and their children, except for the household furnishings and goods which had been specifically decreed to the deceased by the terms of the couple's divorce decree. Therefore, because of the differing nature and ownership of the property involved, we will address each type of property separately.

## I. THE DWELLING HOUSE

■■ ■ Respondent argues that the insurance agreement, naming him as the insured, is determinative of this case. We do not agree. Instead, we concur with the trial court and the petitioner that equitable principles should be invoked. In equity, the substance of a transaction controls, not its form. (*Metcalf v. Altenritter* (1977), 53 Ill. App. 3d 904, 369 N.E.2d 498.) Equity carries into effect the real intention of the parties, gleaned not only from the written instrument they executed but from the subsequent acts and conducts with reference thereto. *Trapp v. Gordon* (1937), 366 Ill. 102, 7 N.E.2d 869; see *Metcalf*.

■■ The intent of the parties is paramount and in the instant case that intent is clear. Linda and Nathaniel owned the property in joint tenancy and, in order to accomplish this type of ownership in Illinois, the parties had to execute a deed expressly placing the property in joint tenancy with the right of survivorship. (See Ill. Rev. Stat. 1977, ch. 76, par. 1.) This action by the parties clearly indicates that the parties intended that the surviving tenant was to have the house and this is exactly what would have transpired had the house not burned down. Moreover, the trial court noted in his opinion that the parties had intended to use the insurance proceeds to rebuild the residence.

However, although the trial court correctly reasoned that equitable

principles were applicable to the situation, it erred in imposing a *resulting trust* in behalf of the decedent's estate in half of the proceeds from the loss of the dwelling house. Had the house been held in tenancy in common, we would agree with the trial court's assessment, but in the instant case such a remedy does not reflect the parties' intent.

■■ ■ We believe that the better remedy is achieved by the implementation of the doctrine of *equitable conversion.* Equitable conversion is an ancient equitable remedy and is premised upon the maxim that equity regards that as done which ought to be done. (*Keller v. Schobert* (1974), 58 Ill. 2d 137, 317 N.E.2d 510.) Equitable conversion results in the treating of land as personalty and personalty as land. (*Keller.*) Usually the doctrine is employed in cases involving a will, where it is apparent that the intent of the testator was to treat personal property as real property, or vice versa, regardless of what form the property took. *Keller;* see *In re Estate of Georgen* (1971), 2 Ill. App. 3d 750, 277 N.E.2d 341.

We have not found any Illinois cases dealing with insurance proceeds and the doctrine of equitable conversion; however, other jurisdictions have utilized the doctrine in similar factual situations. In *Rock County Savings & Trust Co. v. London Assurance Co.* (1962), 17 Wis. 2d 618, 117 N.W.2d 676, the two unrelated joint tenants had purchased insurance coverage on their dwelling. The dwelling was destroyed and one of the tenants died the following day. Her estate claimed half of the insurance proceeds from the destruction of the house. The surviving joint tenant disagreed and contended that she had purchased the insurance and paid all the premiums and therefore should receive the entire proceeds from the insurance. The trial court granted the estate's motion for summary judgment and adjudged that one-half of the proceeds belonged to the estate of the deceased joint tenant. The appellate court reversed and applied the doctrine of equitable conversion. Under the doctrine, the court held that the proceeds of the insurance policy are treated as if they were the dwelling and therefore the law of joint tenancy applies and vests the entire proceeds in the surviving joint tenant. The court stated:

> "The doctrine of equitable conversion is an ancient one and applied generally in cases of devises under wills and in cases of uncompleted sales of real estate in order to carry out the intention of the parties which otherwise would have been prevented by death and the laws of descent or by the destruction of the property. We see no reason why the doctrine should not be applied to indemnity proceeds related to real estate held in joint tenancy. In equity a joint tenancy should not be severed in part by an involuntary conversion of such property into personalty by accidental means. The fact it is by the application of legal principles requires the application of the doctrine of equitable

conversion. This result is just and gives effect to the intention of the parties and requires a reversal." *Rock County,* 17 Wis. 2d 618, 622-23, 117 N.W.2d 676, 678.

■■ We find the *Rock County* case to be highly persuasive authority for our decision. (See also *In re Elliott's Estate* (1953), 174 Kan. 252, 255 P. 2d 645; *Scutella v. County Fire Insurance Co.* (1931), 231 App. Div. 343, 247 N.Y. Supp. 689; but see *Russell v. Williams* (1962), 58 Cal. 2d 487, 374 P.2d 827, 24 Cal. Rptr. 859; see generally Annot., 4 A.L.R.3d 427 (1965).) Certainly, the result gives prime importance to the intent of the parties. (See 1964 Wis. L.Rev. 149.) Accordingly, we hold that the insurance proceeds from the destruction of the dwelling should be treated as realty and as being held in joint tenancy with the right of survivorship. Therefore, respondent should receive payment of the total net proceeds from the loss of the dwelling house ($18,782.47).

## II. CONTENTS OF THE DWELLING HOUSE

We agree with the trial court's disposition of the contents of the dwelling house. As the court noted, although the insurance policy was in the respondent's name, joint funds had been used to purchase the insurance and the decedent had authorized the respondent to procure the coverage. Therefore, the court found that a resulting trust was formed by the parties' actions.

■■ A resulting trust is not based upon an agreement but is independent of any agreement and is reached by the law. (*Suwalski v. Suwalski* (1968), 40 Ill. 2d 492, 240 N.E.2d 677.) A resulting trust is founded on the presumed intent of the parties as ascertained from their acts and attendant facts and circumstances, and usually comes into existence where one person furnishes the consideration, or a part thereof, for the purchase of property while title is taken in the name of another. The trust arises at the instant legal title is taken and vests. *In re Estate of Roth v. Roth* (1968), 96 Ill. App. 2d 292, 238 N.E.2d 607; see *Riha v. Western National Bank* (1973), 11 Ill. App. 3d 838, 298 N.E.2d 206; *Forlenza v. Forlenza* (1970), 119 Ill. App. 2d 399, 256 N.E.2d 42.

■■ Here, the intent of the parties was obviously to insure their respective interests in the property. There was no joint ownership in the personal property and, except for specific personal items, the contents belonged to decedent by the terms of the divorce decree. Accordingly, the intention of the parties mandates that a resulting trust was established in the favor of decedent in those insurance proceeds which were attributable to Linda McGee's property. Since Linda owned the furniture and furnishings, the trial court adjudged that the proceeds from the contents of the dwelling house belonged entirely to her, less the items belonging to respondent and to the children. Thus, the $12,000 award for the contents of the house

should be distributed as follows: Linda McGee—$7,686.30, Nathaniel McGee—$1,945.30, and the children—$2,368.40.

Affirmed in part; reversed in part and remanded with directions.

REARDON, P. J., and CRAVEN, J., concur.