449 A.2d 612

**Marian McDIVITT and Harry McDivitt**

**v.**

**PYMATUNING MUTUAL FIRE INSURANCE COMPANY.**

**Appeal of Harry McDIVITT.**

Superior Court of Pennsylvania.

Submitted April 12, 1982.

Filed Aug. 6, 1982.

Joseph J. Liotta, III, Franklin, for Harry McDivitt, appellant.

John D. Petruso, Meadville, for Marian McDivitt, appellee.

John W. McWilliams, Mercer, for Pymatuning, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal filed by the appellant, Harry McDivitt, from an Order of the Court of Common Pleas of Mercer County awarding appellee, Marian McDivitt, the proceeds due on a fire insurance policy payable on property held as tenants by the entirety. We affirm.

The facts, as garnered in part from the parties' submission of a statement of the case—captioned "CASE STATED"—with the Prothonotary of Mercer County on August 21, 1980, are as follows:

"* * *

4. Marian McDivitt and Harry McDivitt are wife and husband, but have lived separate and apart since November, 1971.

5. Marian McDivitt and Harry McDivitt are joint owners of real estate in French Creek Township, Venango County, Pennsylvania, as tenants by the entireties, said property having been purchased on May 5, 1966. . . .

6. Since the separation of the parties in November, 1971, Marian McDivitt has resided on the jointly owned property in French Creek Township, Venango County, Pennsylvania, and Harry McDivitt has not contributed to the maintenance, expenses, taxes, etc. for the subject property.

* * * * * *

8. On or about September 14, 1973, . . . after the separation of the parties, Marian McDivitt applied for and received fire insurance from the Pymatuning Mutual Fire Insurance Company, policy number 6091, for the dwelling and barn located on the jointly owned property in French Creek Township, Venango County, Pennsylvania. . . .

9. Marian McDivitt was the named insured on the fire insurance policy issued by Pymatuning Mutual Fire Insurance Company.

10. The amount of insurance on the dwelling located on the aforedescribed premises provided by Pymatuning Mutual Fire Insurance Company, policy number 6091, was $6,000.00.

11. On or about April 2, 1975, the dwelling or house on the aforedescribed premises was totally destroyed by fire.

* * * * * *

13. Harry McDivitt was not a party to the contract of insurance issued by The Pymatuning Mutual Fire Insurance Company with respect to the aforedescribed premises.

* * * * * *

15. Marian McDivitt paid all premiums on the contract of insurance issued by Pymatuning Mutual Fire Insurance Company and Harry McDivitt paid no premiums on the contract of insurance issued by Pymatuning Mutual Fire Insurance Company.

16. The Pymatuning Mutual Fire Insurance Company refused to make payment of the proceeds of the policy number 6091 to Marian McDivitt.

17. On May 22, 1978, Marian McDivitt filed a praecipe to issue a Writ of Summons in Assumpsit at the above number against Pymatuning Mutual Fire Insurance Company. . . .

18. On or about January 2, 1979, Harry McDivitt presented to th[e] Court and filed a Petition to Intervene in the suit instituted by Marian McDivitt . . . , [which was granted.]

19. On or about February 13, 1979, the Pymatuning Mutual Fire Insurance Company presented to th[e] Court and filed a Petition to pay money into Court and to interpled Marian McDivitt and Harry McDivitt, claimants to the fund; and by Order of th[e] Court of the same date, Pymatuning Mutual Fire Insurance Company was ordered and directed to pay the sum of $5,994.76 to the Prothonotary of Mercer County.

\* \* \* \* \* \*

22. Marian McDivitt claims the sum of $5,994.76 plus all accumulated interest thereon, being all the remaining proceeds of the policy of fire insurance issued by The Pymatuning Mutual Fire Insurance Company . . . .

23. Harry McDivitt claims one-half of the sum of $5,994.76, i.e., $3,977.38, plus one-half of the accumulated interest thereon . . . ."

The trial court, after reviewing the admitted facts, resolved the issue in favor of the appellee. The appellant filed exceptions thereto, which were ultimately denied. This appeal followed.

The question on appeal, which is one of first impression in Pennsylvania, is whether the proceeds of a fire insurance policy payable on property held in tenancy by the entireties are due both spouses, despite the fact that the policy was issued in the name of, and the premiums were paid by, only one spouse.

Appellant-husband posits that because "the essential characteristic of a tenancy by the entireties is that each spouse is

seized of the whole of the property and not of any share, devisible part, moiety or interest thereof[,]" a fire insurance policy naming one spouse as the only insured inures to the benefit of the entire estate as owned by the spouses and both should share in the proceeds from the policy. (Appellant's Brief at 10–11) In support thereof, appellant cites us to *Carter v. Continental Insurance Company of New York*, 242 N.C. 578, 89 S.E.2d 122 (1955) and Couch on Insurance, Second, § 29.10, which, interestingly enough, draws its strength from *Carter*. Appellee-wife, on the other hand, urges that *Carter* and *Couch* are distinguishable, and "submits the important consideration is the nature of insurance coverage." (Appellee's Brief at 4) We agree with the position espoused by the appellee, and for the following reasons we affirm the order of the lower court.

We concede that in *Carter* the court held that a husband who recovers on a policy owned by him which covers property held by the entirety, recovers for the benefit of the estate. More precisely, the court stated that, upon absolute divorce, the wife was entitled to one-half of the proceeds, even though she was not named as insured or beneficiary in the policy and had not contributed to the payment of premiums. For the most part, though, such case dwells on the special nature of the entirety relationship, a point which we find misses the mark. To elucidate, in the present case the insurance proceeds do not result from any transfer of title, voluntary or involuntary. The land is still owned by the husband and wife in exactly the same manner as before the fire. The disputed funds result solely from the terms of the contract of insurance. On this exact point, we quote with approval the language used in *Forsyth County v. Plemmons*, 2 N.C.App. 373, 163 S.E.2d 97 (1968), in which the court dealt with a situation similar to the case at bar, except both husband and wife were parties to the insurance contract:

"Under this contract the [fire] insurance company, in consideration of the premium paid to it, has assumed specified risks and has agreed to pay money to the parties insured upon the happening of certain events. *Such a*

*policy is a personal contract, appertaining to the parties to the contract and not to the thing which is subject to the risk insured against.* 29 Am.Jur., Insurance, § 183, p. 575. Proceeds payable thereunder when an insured loss occurs take the place of the building destroyed only in the sense of being a thing of like value, not necessarily of like ownership." (Emphasis added) *Id.* at 375, 163 S.E.2d at 99.

Similarly, in this jurisdiction, our own Supreme Court has stated:

"A fire insurance policy is a personal contract. An important feature of such indemnity is the personal equation that exists between insurer and insured. The building itself is not insured; the indemnity is provided for the insured and for his interest in the property[.]" (Citation omitted) *In re Gorman's Estate,* 321 Pa. 292, 295, 184 A. 86, 87 (1936).

*Accord Donovan v. New York Casualty Co.,* 373 Pa. 145, 94 A.2d 570 (1953); *Christ Gospel Temple v. Liberty Mutual Insurance Co.,* 273 Pa.Super. 302, 417 A.2d 660 (1979); *see also St. Paul Fire and Marine Insurance Co. v. Molloy,* 291 Md. 139, 433 A.2d 1135 (1981); *Lovell v. Rowan Mutual Fire Insurance Co.,* 302 N.C. 150, 274 S.E.2d 170 (1981); *Shorey v. Merchants Mutual Insurance Co.,* 72 A.D.2d 558, 420 N.Y. S.2d 755 (1979); *Morris v. Morris,* 274 Or. 127, 544 P.2d 1034 (1976) (citing cases); 43 Am.Jur.2d, Insurance, § 194.

■ Therefore, the mere fact that property is held by the entirety should not, standing alone, automatically entitle an uninsured spouse to benefit from the efforts of the other spouse in indemnifying the homestead against damage and/or destruction. Property ownership, in this context, is of minimal importance in determining entitlement to the proceeds of insurance, since the nature and extent of the various rights and obligations of the parties are governed by the terms of the insurance contract. *See St. Paul Fire and Marine Insurance Co. v. Molloy, supra.* In this regard, we are in accord with the sentiments expressed by the Supreme

Court of North Carolina in *Lovell v. Rowan Mutual Fire Insurance Co., supra,* where it said:

> " 'The unity of person of husband and wife [expressed through the tenancy by the entirety] gives no clue to the relationship that ought properly to obtain between the owners of the proceeds of insurance . . . .' *Hawthorne v. Hawthorne, supra,* [13 N.Y.2d 82] 242 N.Y.S.2d at 51, 192 N.E.2d [20] at 21." 274 S.E.2d at 173.

In like fashion, in *Steigler v. Insurance Co. of North America,* 384 A.2d 398 (Del.Supr.1978), the Delaware Supreme Court, in deciding that an innocent, "insured" spouse was entitled to recover one-half of the insurance proceeds on entireties' property intentionally burned by the husband, found the legal fiction of "oneness" of husband and wife inapposite to a contract dispute between an insurance company and a policy holder. Resolution of the relative rights of the parties was deemed governed by contract law rather than the law governing land titles.

Based on the aforesaid, we find the fact that the property owned by the McDivitt's was held by the entireties to be of no real significance to the resolution of the issue whether Mr. McDivitt may be entitled to one-half of the proceeds from the fire insurance, payable as a result of the destruction of the entireties' property. *See St. Paul Fire and Marine Insurance Co. v. Molloy, supra.* As just stated, "we look to the law governing the kind of problem rather than the law governing land titles." *Steigler v. Insurance Co. of North America, supra,* 384 A.2d at 400.

■ We note that the problem of determining the persons entitled to proceeds is often simplified by the fact that one spouse was in fact acting on behalf of both so that the problems which arise when one spouse purports to insure on his own behalf only his own interest or the entire interest of both spouses are eliminated. 5 Couch on Insurance 2d, § 29.10, p. 275. Instantly, the fire insurance policy designates "Mrs. Marian McDivitt" as the named "insure[d]."

Elsewhere in the compact it is provided that the amount of insurance and the property covered consist, in part, of *"$6,000.00* on Dwelling House (including Porches and all permanent fixtures)." Thus, it appears that the obligations of the insured runs only to the named insured. Nowhere in the policy does the insured extend its liability to a person or persons not a party to the contract.

Additionally, so far as appears from the uncontroverted record, the wife took out the insurance in her own right, paid the premiums from her own funds; and it does not appear it was done for the common benefit of herself and husband. In this context, "[i]t is generally held that the husband has, in such case, no claim on the fund as against the insurer." (Citations omitted) *Miles v. Miles*, 211 Ala. 26, 29, 99 So. 187, 190 (1924); *see also Russell v. Williams*, 58 Cal.2d 487, 24 Cal.Rptr. 859, 862, 374 P.2d 827, 830 (1962); *cf. Evans v. Evans*, 263 Ark. 291, 564 S.W.2d 505, 507 (1978) (wife's payment of one-half of the insurance premium was uncontradicted and, because possession of the property had been given to her as part of an award of separate mainte-nance, she was entitled to proceeds); *In re Estate of McGee*, 66 Ill.App.3d 994, 23 Ill.Dec. 141, 383 N.E.2d 1012 (1978) (joint funds used to pay insurance premiums). We agree with such position, in light of the fact that, since the passage of the Act of July 15, 1957, P.L. 969, No. 417, § 1, 48 P.S. § 32.1, "a married woman shall have the same right and power as a married man ... to make any contract in writing ...." Thus, the appellee-wife was competent to enter into the contractual agreement with the insured to protect her insurable interest in the property. *Kanefsky v. National Commercial Mut. Fire Ins. Co.*, 154 Pa.Super. 171, 174, 35 A.2d 766, 768 (1944) (an insurable interest has been defined as an interest which can be enforced at law or in equity); 18 P.L.E. Insurance § 53. Therefore, because we regard the rights of husband and wife to be separate, as they pertain to the particular contract in question, both logic and justice require that the amount recoverable be premised

on the written agreement. As a result, we determine that the insured spouse is entitled to be compensated by receiving the entire amount provided for under the policy for the destruction of the homestead.

To permit recovery to the appellant-husband, who was not a named insured, would necessitate reliance on the "oneness" legal fiction of marital property, which we have rejected in determining that the appellee-wife enjoys and assumes several, not joint, contractual rights and obligations. Consequently, absent language making the appellant-husband a party to the agreement, we have no hesitation in concluding that "an ordinary person owning an undivided interest in property ... would [not] naturally suppose that his individual interest in the property was covered by a policy which [did not] name[ ] him ... as one of the persons insured." *Hoyt v. New Hampshire Fire Insurance Co.*, 92 N.H. 242, 244, 29 A.2d 121, 123 (1942). Furthermore, on this subject, the lower court stated:

"There is, of course, a well-established presumption with regard to entireties property that during the term of the marriage such spouse has the power to act for both without specific authorization so long as the benefit of such action inures to both. *J.R. Christ Const. Co., Inc. v. Olevsky*, 426 Pa. 343, 232 A.2d 196 (1967). This, however, is far from [appellant-husband's] contention that the power to act for both spouses creates a duty of a tenant to preserve the property and thereby to give a right to one-half of [the] insurance proceeds secured and paid for solely by the other party. The attorneys have failed to supply this Court nor has its own research found any case in Pennsylvania so holding." (Lower Court Opinion at 9)

We agree with the sentiments espoused by the lower court. Moreover, our own assiduous review of the relevant case law has not produced any case which compels a result other than that reached in the case *sub judice.*

Order and judgment affirmed.