OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs, to convert the action to one for relief under State Finance Law article 7-A and for declaratory relief, and to remit to Special Term for trial as to the article 7-A relief demanded and, as so modified, affirmed.
The Appellate Division having on the prior appeal declined to convert the article 78 proceeding to an action for declaratory relief and ordered joinder of the contractors in order “to expedite a final, complete resolution of this dispute and avoid a multiplicity of subsequent actions involving the claims of all interested parties” (86 AD2d 100; 105), we agree with the Appellate Division (102 AD2d 901, 902) that it was error for Special Term to limit conversion of the proceeding to a declaratory judgment action and to hold that amendment of the supplemental petition was unauthorized.
That the pleading was entitled “supplemental petition” instead of being redrafted as a complaint pursuant to State Finance Law article 7-A or a combined petition and complaint is irrelevant. The court should have ignored any mischaracterization in that respect in light of the allegations that petitioner’s members would “suffer injury as taxpayers as a result of the wrongful and illegal expenditure of State funds” and the demand that sums paid the contractors be returned to the State *796 and that petitioner be awarded reasonable counsel fees (Matter of Altona Citizens Comm. v Town of Aliona, 54 NY2d 908, affg 77 AD2d 954).
While the order to join the contractors did not extend the Statute of Limitations as to them (Talbot v KMZ Enters., 43 NY2d 687, affg 52 AD2d 995), it was error to apply the four-month limitation period applicable to article 78 proceedings (CPLR 217) to so much of the supplemental petition as sought to enforce petitioner’s citizen-taxpayer’s right of action for return of illegally paid funds. As to that cause of action the governing period of limitations is one year (CPLR 215 [4]), which had not run at the time of service of the supplemental petition. Nor under the circumstances of this case — the original proceeding having been begun on the day the contract, later held illegal, was awarded — can petitioner properly be held guilty of laches (cf. Matter of General Bldg. Contrs. v Egan, 106 AD2d 688; Matter of General Bldg. Contrs. v Board of Trustees, 42 AD2d 660).
Dismissal of the complaint against the respondent contractors on the papers alone was also error. Although the papers do not suggest that there was fraud or collusion on the part of the contractors, that fact does not foreclose recovery from them to the extent that petitioner can show after trial that the State paid more under these contracts than it would have had to pay had the bidding procedure mandated by State Finance Law § 135 been followed (Elia Bldg. Co. v New York State Urban Dev. Corp., 54 AD2d 337; Matter of General Bldg. Contrs. v State of New York, 89 Misc 2d 279; cf. S. T. Grand, Inc. v City of New York, 32 NY2d 300; Gerzof v Sweeney, 22 NY2d 297; Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187). To hold otherwise is completely to undermine the legislative mandate. Section 123-e (1) of that law permits the court in a taxpayer’s action to grant such relief as “may seem just and proper”, but the determination made by Special Term should not have been made on the papers alone. By like token it should not have foreclosed recovery by petitioner of attorney fees prior to trial (State Finance Law § 123-g [1]; Gerzof v Sweeney, 22 NY2d, at p 308).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order modified, with costs to appellant, and case remitted to Supreme Court, Albany County, for trial in accordance with the memorandum herein and, as so modified, affirmed.