**AETNA LIFE & CASUALTY CORPORATION, a corporation, and the Standard Fire Insurance Company, a corporation**

v.

**David G. MARAVICH and Donna M. Maravich, his wife, and Gene A. Pietragallo d/b/a Interior Services by Pietragallo.**

**Appeal of David G. MARAVICH and Donna M. Maravich, Appellants.**

No. 86–3757.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
July 17, 1987.

Decided July 27, 1987.

Gerard J. Cipriani, Cashman & Cipriani, Pittsburgh, Pa., for appellants, David G. Maravich and Donna M. Maravich.

Paul K. Geer, Jones, Gregg, Creehan & Gerace, Pittsburgh, Pa., for appellees, Aetna Life & Cas. Corp. and The Standard Fire Ins. Co.

William F. ·Ward, Frank G. Salpietro, Meyer, Unkovic & Scott, Pittsburgh, Pa., for appellee, Gene A. Pietragallo, d/b/a Interior Services by Pietragallo.

Before HIGGINBOTHAM, SLOVITER, and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

SLOVITER Circuit Judge.

The issue raised by this appeal is whether an innocent wife who receives one-half of the fire insurance covering a residence held as a tenancy by the entireties which was damaged by a fire set by her husband must repay in full the cost of repairs to the property.

## I.

### Facts

In a state court proceeding brought by David and Donna Maravich for the proceeds of the insurance policy covering their residence, it was established that on February 19, 1982, a fire occurred causing damage to both the building and its contents. The Maraviches filed a claim with Aetna Life & Casualty Corp. and its subsidiary, The Standard Fire Insurance Co. (hereafter jointly "Aetna"), pursuant to their insurance policy. The jury rejected David Maravich's story that the fire was set by intruders, instead concluded that David Maravich had set the fire, and entered a verdict for Aetna. The trial court found that there was no evidence implicating Donna Maravich in the arson and entered judgment n.o.v. awarding Donna Maravich the amount of $31,550, one-half of the insurance proceeds. The judgment was affirmed by the Superior Court of Pennsylvania. *See Maravich v. Aetna Life & Casualty Co.*, 350 Pa. Super. 392, 504 A.2d 896 (1986).

The Maravich residence had been repaired by a contractor, Gene A. Pietragallo, d/b/a Interior Services by Pietragallo, who, prior to the state court proceeding, had been hired by Aetna pursuant to authorization by the Maraviches. When no party paid his claim, Pietragallo filed suit against Aetna and the Maraviches in the Court of Common Pleas of Allegheny County, seeking reimbursement in the amount of $22,474.25, plus interest, for the cost of materials and services provided to repair the Maravich home.

Shortly thereafter, Aetna filed this diversity action in the United States District Court for the Western District of Pennsylvania against Pietragallo and the Maraviches for interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure and for declaratory relief, alleging potential exposure to multiple claims to a limited fund. In addition to seeking to have the Maraviches and Pietragallo litigate in this action their respective rights to monies due under the insurance policy, Aetna sought to enjoin Donna Maravich from executing judg-

ment against the fund and to prevent Pietragallo from proceeding with his state lawsuit. Pietragallo filed a counterclaim against Aetna and a cross-claim against the Maraviches seeking $22,475.25 plus interest in compensation for services and materials provided to the repair of the Maravich house. The Maraviches conceded that Pietragallo was entitled to one-half of his claim, $11,237.13, from Donna Maravich's share of the insurance proceeds.

The Maraviches and Pietragallo filed cross-motions for summary judgment. The district court rejected Donna Maravich's contention that she was not responsible for payment of Pietragallo's entire claim and thus granted Pietragallo's motion for summary judgment awarding him judgment for the entire amount of his claim, $22,474.25 plus interest, from the fund held by Aetna, with the remainder of the fund going to Donna Maravich. Donna Maravich appeals.[1]

It is not disputed that Aetna provided the Maraviches with a list of contractors, including Pietragallo, who were experienced in fire damage repairs; that at Aetna's request, Pietragallo provided an estimate as to the cost of repairing the structural damages caused by the fire, and his proposal was accepted by Aetna; that David Maravich orally and in writing authorized Pietragallo to proceed with the repairs; and that the work was done and that the amount of the claim is reasonable. In granting summary judgment, the district court held that Donna Maravich would be unjustly enriched if allowed to collect the proceeds of the insurance policy from Aetna without reimbursing Pietragallo for his services. Further, the court construed the written work authorization signed by David Maravich as an agreement between the Maraviches and Pietragallo that he would be paid out of the insurance proceeds.

Our scope of review of the district court's grant of summary judgment is plenary. *See E.E.O.C. v. Great Atlantic &*

*Pacific Tea Co.,* 735 F.2d 69, 81 (3d Cir.), *cert. dismissed,* 469 U.S. 925, 105 S.Ct. 307, 83 L.Ed.2d 241 (1984).

## II.

### Discussion

■ In arguing that the district court erred in granting defendant Pietragallo's motion for summary judgment, Donna Maravich contends that the district court was estopped by the prior Pennsylvania Superior Court decision from holding her fully responsible for the entireties' debt to Pietragallo. She argues that the Pennsylvania Superior Court decision represents a binding determination that she has only a half interest in both the assets and obligations of the entireties and that therefore she can be liable only for half the repair costs incurred by the entireties.

As a federal court sitting in diversity, we must apply substantive state law. *See Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481, 487 (3d Cir.1985). Under the applicable Pennsylvania law a party must show four elements in order to raise a successful claim of collateral estoppel: (1) that the identical issue has been decided in a prior action; (2) that there has been a final judgment on the merits; (3) that the party against whom estoppel is asserted was a party, or in privity with a party, to the prior adjudication; and (4) that the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in question in the prior action. *Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975). Further, the determination of the issue must have been essential to the outcome of the prior action. *Koshatka v. Philadelphia Newspapers, Inc.,* 762 F.2d 329, 337 (3d Cir.1985). At least two of the essential elements of estoppel are not satisfied in this case.

In the first place, the Pennsylvania Superior Court did not rule on Donna Maravich's obligation to pay for repairs to the

---

1. David and Donna Maravich have jointly filed a Notice of Appeal. However, David Maravich has never asserted a claim to any of the insurance proceeds subject to the interpleader action. Therefore, we treat the appeal as that of Donna Maravich, the party adversely affected by the lower court's order.

entireties' property, the issue before us. Instead, the issue it focused upon was "whether an innocent co-insured will be allowed to recover on a fire insurance policy after another co-insured has intentionally burned the insured property," which, under Pennsylvania law, "depends on whether the interests of the co-insureds are joint or severable." *Maravich v. Aetna Life & Casualty Co.*, 350 Pa. Super. 392, 403, 504 A.2d 896, 902 (1986). That "is determined by the terms of the policy and not the ownership of the underlying insured asset." *Bryant v. Girard Bank*, 358 Pa. Super. 335, 353, 517 A.2d 968, 978 (1986); *Maravich*, 350 Pa. Super. at 403–11, 504 A.2d at 902–06; *McDivitt v. Pymatuning Mutual Fire Insurance Co.*, 303 Pa.Super. 130, 135–36, 449 A.2d 612, 615 (1982); *Opat v. State Farm Fire & Casualty Insurance Co.*, 542 F.Supp. 1321, 1324–27 (W.D.Pa. 1982), *aff'd*, 755 F.2d 922 (3d Cir.1984).

The Pennsylvania Superior Court followed this rule. It found that Donna Maravich was entitled to indemnification because, under the insurance contract, (1) the parties' insurable interests were severable; and (2) the policy's exclusionary language did not bar coverage for an innocent spouse where the property was intentionally damaged by the other. *Maravich*, 350 Pa. Super. at 410–11, 504 A.2d at 905–06. Thus, the Superior Court did not decide, as Maravich claims, that she holds a severable half interest in property formerly held by the entireties.

In the second place, Pietragallo was not a party to the Superior Court action, but merely a witness. Nor could he be considered to be in privity with any party, since "privity" is a term of art reserved for specifically defined relationships. Accordingly, the decision in the Superior Court case was not binding here and the district court was free to consider whether Donna Maravich was responsible for payment of Pietragallo's entire bill.

Pietragallo argues that Donna Maravich remains fully liable for the entireties' joint debts, even though she received only one-half of the insurance proceeds, and cites *Opat v. State Farm Fire & Casualty Insurance Co.*, 542 F.Supp. 1321 (W.D.Pa. 1982), *aff'd*, 755 F.2d 922 (3d Cir.1984), and *Keller v. Travelers Indemnity Co.*, No. 86–3120, slip op. (3d Cir. Aug. 4, 1986) [800 F.2d 1134 (table) ] (unpublished opinion), in support of this proposition.

In *Opat*, Janice and David Opat filed a claim for indemnification for fire losses with their insurer under a homeowner's policy. The insurer determined that the wife intentionally set the fire and denied coverage under the policy. The Opats then sued the insurer on the policy. Although the jury found for the insurer, the district court granted the husband's motion for judgment n.o.v. and awarded the husband one-half of the entireties' insurable interest because there was no evidence that he was involved with the arson. *Opat*, 542 F.Supp. at 1327.

The insurer had, however, earlier paid the balance of the Opats' mortgage, and consequently became subrogated to the mortgagee's rights. The district court, therefore, ruled that the insurer was entitled to offset its liability to the husband by the entire amount of its subrogation claim. *Id.* at 1327. The court stated that, "[A]lthough [the wife] was separately responsible for the fraud and may therefore not recover under the insurance policy while [the husband] may recover for his interest, both ... are liable for payment [of their joint obligations]." *Id.*

In *Keller*, under virtually identical facts, we followed *Opat* to hold that an insurer was entitled to offset its liability to innocent co-insureds holding severable insurance policies by the amount of its subrogation claim on a mortgage which was a joint obligation of all the co-insureds. *Keller*, slip op. at 9. Although *Keller* was an unreported memorandum opinion and therefore not binding precedent, *see* Third Circuit Internal Operating Procedure Ch. 5.A.2, its reasoning is persuasive.

We hold that under Pennsylvania law, the severability of insurance interests of spouses does not relieve a spouse from the obligation to pay validly incurred debts of the entireties. As the Pennsylvania courts recognize, allowing innocent spouses

to recover on severable insurance policies represents an "equitable exception" intended to "protect[ ] the innocent spouse" who under ordinary rules applicable to entireties would be unable to recover on a jointly held insurance policy. *Bryant*, 358 Pa.Super. at 354, 517 A.2d at 978. No such equitable concerns support severance of the entireties' obligations related to the insured property. The innocent spouse must be presumed to obtain full benefit from obligations validly incurred by the entireties. Here, for example, Donna Maravich continues to occupy the house held by the entireties. *See Maravich*, 350 Pa.Super. at 411, 504 A.2d at 906. Therefore, she is enjoying the benefit of $22,474.25 worth of repairs to the house. If the repairs were performed in return for an obligation validly incurred by the entireties, then allowing Donna Maravich to pay for only half the benefit would unjustly enrich her by half the benefit.

In the Maraviches' motion for summary judgment, they appear to argue that Donna Maravich had no obligation because she personally had never authorized the work. On appeal, she attempts to distinguish *Opat* and *Keller* on the ground that there was no dispute in those cases that the mortgages represented a valid obligation of the entireties.

Under Pennsylvania law, there is a presumption with respect to properties held by the spouses as entireties that either spouse has the power to act for both without specific authority, so long as the benefits of such action inure to both. *J.R. Christ Construction Co. v. Olevsky*, 426 Pa. 343, 348–49, 232 A.2d 196, 199 (1967). "The presumption then stands unless and until the other spouse establishes by a preponderance of the evidence that at the time the contract was made and the services performed under it, the contracting spouse was in fact not authorized to act for and to bind [the other spouse] in contracting for improvement of the entireties property." *Id.* at 349–50, 232 A.2d at 199.

In *Bradney v. Sakelson*, 325 Pa. Super. 519, 473 A.2d 189 (1984), a contractor brought an action against a husband and wife to obtain payment for work performed on the entireties' house. The defendants contended that the wife was not liable for payment because she had not expressly contracted with the plaintiff. The court, citing *J.R. Christ* for the presumption that either spouse may bind the other without specific authority so long as benefits inure to both, found that the record did not demonstrate sufficient evidence to rebut the presumption and held that the wife was jointly and severally liable for the repairs. *Id.* at 523–25, 473 A.2d at 191–92.

Here, there is no evidence to establish that David Maravich acted on Donna Maravich's behalf without her consent[2] or that Donna Maravich did not consent to Pietragallo performing the repair work. Moreover, Donna is enjoying the benefits of Pietragallo's work. Under the rule developed in *J.R. Christ* and *Bradney*, we conclude that Pennsylvania courts would hold that the debt to Pietragallo is a valid obligation of the entireties. It follows that Donna Maravich remains jointly liable for the entire debt to Pietragallo despite the fact that she was awarded only half the insurance proceeds from the entireties' homeowner's policy.

### III.

### Conclusion

For the foregoing reasons, we will affirm the district court's order granting Pietragallo's motion for summary judgment.

---

**2.** We need not decide whether David Maravich's authorization was dependent upon receipt of the insurance proceeds from Aetna since the insurance proceeds to Donna Maravich will be sufficient to pay the full amount of Pietragallo's claim.