■ TOWN OF HEMPSTEAD et al., Respondents-Appellants, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE, Appellant-Respondent. (Action No. 1.) TOWN OF HEMPSTEAD et al., Respondents-Appellants, v INCORPORATED VILLAGE OF ATLANTIC BEACH et al., Appellants-Respondents. (Action No. 2.) [718 NYS2d 190] —In two related actions to recover damages for breach of inter-municipal agreements for waste disposal services and for a judgment declaring, *inter alia,* that the defendants are required to pay certain waste disposal fees, the defendants appeal from stated portions of an order of the Supreme Court, Nassau County (Adams, J.), dated March 3, 2000, which, *inter alia,* granted that branch of the plaintiffs' motion in both actions which was for summary judgment declaring that the plaintiffs are entitled to include the cost of hauling waste from a transfer facility to a resource recovery center as part of the transfer facility fee due under Article III, Section 308 of the inter-municipal agreements, and *sua sponte,* granted leave to the plaintiffs to amend their complaint, and the plaintiffs cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment declaring the proper method of computing the "per ton disposal fee" pursuant to Article III, Section 302 of the inter-municipal agreements.

Ordered that on the Court's own motion the defendants' notice of appeal from so much of the order as *sua sponte* granted the plaintiffs leave to amend their complaints is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly determined that the plain language of Article III, Section 308 of the parties' inter-municipal agreements (hereinafter the agreements) requires the defendants to reimburse the plaintiffs on a "per ton" basis for the plaintiffs' costs in moving waste through a "transfer facility." The term "transfer" is by definition central to the operation of a transfer facility. To the extent that the defendants are obligated to reimburse the plaintiffs for their "operation" expenses, the "transfer" or "haulage" of waste from the transfer facility to the resource recovery center is clearly an intrinsic part of that operation (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162).

The Supreme Court also properly granted leave to the plaintiffs to amend their complaint to seek an increase in the per-ton transfer facility fees due under Article III, Section 308 of the agreements retroactive to January 1996 (see, Allied 31st Ave. Corp. v City of New York, 23 AD2d 678). This amendment was the direct and foreseeable consequence of the defendants' own motion, which resulted in an order, entered August 24, 1999, which, inter alia, altered the method by which the per-ton transfer facility fee is computed (see, Trusthouse Forte [Garden City] Mgt. v Garden City Hotel, 106 AD2d 271, 272).

The Supreme Court correctly determined that the use of the term "deliveries" in Article III, Section 302 of the agreements is ambiguous. Accordingly, there are issues of fact requiring a trial as to how the "per ton disposal fee" due under that section should be calculated (see, Finkelstein v Tainiter, 264 AD2d 587).

The parties' remaining contentions are without merit. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.