676 A.2d 680

**NATIONWIDE MUTUAL INSURANCE CO., Appellant**

**v.**

**Katrina JOHNSON, Sheleatha Collins and Tiffany Collins**

**v.**

**Arthur FARQUHARSON and Prudential Insurance Company of America.**

Superior Court of Pennsylvania.

Argued Feb. 6, 1996.

Filed May 13, 1996.

Audrey J. Jacobsen-Copeland, Philadelphia, for appellant.

Olubenga O. Abiona, Philadelphia, for Johnson and Collins, appellees.

Before CIRILLO, President Judge Emeritus, and BECK, J. and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus.

This is an appeal from a judgment entered in the Court of Common Pleas of Delaware County. We reverse.

Appellant Nationwide Insurance Company (Nationwide) instituted a declaratory judgment action as a result of a coverage dispute arising out of an automobile accident involving appellee Katrina Johnson and two of her passengers. Arthur Farquharson and Prudential Insurance Company of America were joined as additional defendants. The instant action and the action against Farquharson and Prudential were bifurcated.[1]

Following a hearing, the court entered an order in favor of the insured, Katrina Johnson.[2] Nationwide filed this appeal, and now raises the following claims for our review:

1. Johnson signed a release resolving the bifurcated third-party action against Farquharson and Prudential. Consideration in the amount of $5,000.00 was paid by Farquharson and Prudential to Johnson and each of her two passengers.

2. The order states:

1. Did not the trial court err by finding Nationwide owed coverage from claims arising out of the March 6, 199[1] automobile accident when the application for insurance was not electronically mailed to the Pennsylvania Assigned Risk Plan until March 7, 1991?

2. Did not the trial court err by finding that coverage was bound once an auto tags agency, not an agent/producer of insurance, took information and a payment for insurance under the Plan, where the agent/producer had not even seen or reviewed the application yet?

3. Did not the trial court err by reassigning the commencement date of the insurance coverage assigned by the Pennsylvania Assigned Risk Plan, when the trial court had no power to do so?

4. Did not the trial court err in failing to find that the defendant, Katrina Johnson, was told that she had no coverage as of March 6, 1991, and, by assigning any weight to that finding?

5. Did not the trial court err when it found an agency relationship between Nationwide and Farquharson?

6. Did not the trial court err by failing to consider uncontroverted Requests for Admissions, and by failing to adopt Nationwide's proposed findings of fact and conclusions of law?

7. Did not the trial court err by ordering relief not requested by the defendants?

8. Did not the trial court err by failing to find that the general releases signed by the defendants and additional

Based upon the foregoing Findings and Conclusions, it is hereby ORDERED, DECREED and DECLARED as follows:

1. Automobile Insurance policy number 58H327186 issued by Nationwide Mutual Insurance Company became effective on March 6, 1991 at 2:45 p.m.

2. Nationwide ... owes coverage to the insured, Katrina Johnson and her passengers, Sheleatha Collins and Tiffany Collins, with respect to all claims asserted arising out of the automobile accident which occurred at 7:30 p.m. on March 6, 1991, to the extent of its limit of liability under said policy.

3. Nationwide ... shall be liable for reasonable attorney's fees upon application therefore and after hearing thereon.

defendants (Farquharson and Prudential) did not discharge Nationwide from all claims arising out of the accident?

The trial court made the following findings of fact. On March 6, 1991, at approximately 2:45 p.m., Katrina Johnson entered Seward's Auto Tag Agency in Philadelphia. The store was owned and operated by Patricia Seward. Seward, who was not a licensed insurance agent, had registered her business with the Commonwealth as Seward's Auto Tag Agency; the sign on the door, however, read "Seward's Auto Insurance and Tag Services."

Prior to visiting the store, Johnson had spoken with Seward several times on the telephone with respect to purchasing auto insurance. Seward assisted Johnson in filling out a Pennsylvania Assigned Risk Application for insurance. Seward accepted Johnson's $245.00 cash payment for the first premium and referred the application to Arthur Farquharson, an insurance agent for Prudential Insurance Company. With Johnson's cash payment, Seward purchased a money order which she submitted to Farquharson with the application. Although not authorized to do so, Seward signed Johnson's name to the money order.

Farquharson was authorized to submit applications to the Pennsylvania Assigned Risk Plan. He routinely accepted applications and premiums from Seward and processed them at his insurance office. Farquharson knew that Seward was not a licensed insurance agent or authorized producer.

On March 7, 1991, Farquharson reviewed Johnson's application. At 12:24 p.m. on that date, Farquharson sent the application to the Pennsylvania Assigned Risk Plan via electronic mail. Johnson's application was assigned an electronic reference number, 2058723, and an electronic transmittal effective date and time of March 7, 1991 at 12:24 p.m. The Plan then assigned the risk to Nationwide.

On the evening of March 6, 1991, shortly after completing her application for insurance and submitting her cash payment, Johnson was involved in a phantom vehicle accident.

Sheleatha Collins and Tiffany Collins were passengers in Johnson's car at the time of the accident.

When Johnson notified Farquharson of the accident, Farquharson indicated that insurance coverage did not commence until March 7, 1991, the day that he sent the application over electronic mail. Nonetheless, Johnson filed a claim for uninsured motorist benefits. Nationwide denied coverage since the application indicated that the effective date of coverage was March 7, 1991, one day after the date of the accident.

In resolving the declaratory judgment action, the trial court specifically found that coverage was effective as of March 6, 1991 at 2:45 p.m., the date and time that Johnson filled out her application and paid her premium. The court also found that Johnson, at the time that she applied for insurance coverage and paid her premium, believed that she had done all that was required for immediate binding coverage. The court found that Seward had represented to Johnson that coverage was effective immediately and that a copy of the application would serve as temporary evidence of insurance.

■ When reviewing the determination of the trial court in a declaratory judgment action, our scope of review is narrow. *St. Paul Mercury Insurance Co. v. Corbett,* 428 Pa.Super. 54, 630 A.2d 28 (1993); *Palladino v. Dunn,* 361 Pa.Super. 99, 103, 521 A.2d 946, 948 (1987); *Supp v. Erie Insurance Exchange,* 330 Pa.Super. 542, 479 A.2d 1037 (1984). As declaratory judgment actions follow the practice and procedure of an action in equity, we will review the determination of the court below as we would a decree in equity and set aside the factual conclusions of the trial court only where they are not supported by adequate evidence. *Palladino,* 361 Pa.Super. at 103, 521 A.2d at 948. The application of the law, however, is always subject to this court's review. *Id.*

■ First, Nationwide argues that the court erred in finding that coverage became effective on March 6, 1991, the date of the accident, and claims that the trial court disregarded the law pertaining to immediate binding coverage. We agree.

Title 31, Chapter 33 of the Pennsylvania Administrative Code sets forth the following regulations pertaining to immediate binding coverage:

33.29. Pennsylvania Automobile Insurance Plan (assigned risk).

\* \* \* \* \* \*

(e) If the applicant produces reasonable documentation of payment of the required premium to the producer of record and completion of an application for insurance under the plan, payment to the producer of record shall be deemed payment to the plan for the purposes of this subsection. Coverage shall be deemed effective as of the date and time specified in the application and according to sections 11, 12 and 14 of the Plan.

31 Pa.Code 33.29 (emphasis added).

Section 12 of the Pennsylvania Assigned Risk Plan provides:

***Sec. 12. Designation of Company, Evidence of Insurance and Effective Date of Coverage***

\* \* \* \* \* \*

**2. Immediate Binding Coverage**

Producers of record who are certified as provided in Section 27 of this Plan shall have the option to use the Electronic Mail Binding Procedure to establish the effective date of coverage if the applicant requires that the coverage applied for become effective only when the Electronic Mail is transmitted under procedures established and authorized by the Pennsylvania Assigned Risk Plan.

**For all vehicles for which an Electronic Mail has been sent to the Plan by a certified producer, the requested coverage shall become effective as of the time and date of the transmittal of the Electronic Mail, as stated therein. (emphasis added).**

It should be noted that although Farquharson apparently signed the application on March 7, 1991, the date and time listed next to his signature is *March 6, 1991, at 2:45 p.m.,* the

identical date and time listed next to Katrina Johnson's signature. Seward may have led Johnson to believe that the application was complete and that the coverage was effective immediately. The legion of errors and omissions which occurred, however, were caused by parties other than the applicant/insured or the insurer to which the risk was assigned.

It appears that Seward dated and listed the time of the producer's signature (Farquharson), but the producer of record himself did not sign the application at that time. Furthermore, the relevant section of the application, boldly entitled EVIDENCE OF INSURANCE AND EFFECTIVE DATE OF COVERAGE, was apparently not completed at the time Johnson signed the application. The completed application which Farquharson electronically mailed to the Assigned Risk Plan on March 7, 1991, indicates that this section was filled out by Farquharson on March 7, as follows:

**EVIDENCE OF INSURANCE AND EFFECTIVE DATE OF COVERAGE:** This application having been completed and duly executed, shall be, from the effective date and time shown below, evidence of insurance in the limits and coverages specified, subject to the following conditions:

* * * * * *

1. Coverage is effective at the time and on the date shown below, provided the Electronic Mail Binding procedure authorized by subsection A of Section 12 of the Pennsylvania Assigned Risk Plan has been utilized. You must make proper payment in accordance with Item 7 of this application. The applicant is advised to sign the application in the presence of the producer of record. If Electronic Mail Binding is utilized, confirmation of the effective date is established by the Electronic Mail Reference Number which the producer of record is required to place on this application.

If Electronic Mail Binding is utilized, coverage will not be effective on the time and date shown below unless the Electronic Mail Reference Number provided for in Pennsylvania Plan Section 12 has been set forth in the space provided.

526

2058723

| Electronic Transmittal Effective Date the Time | Electronic Mail Reference Number | | | |
| --- | --- | --- | --- | --- |
| | 3 | 7 | 91 | 12:24 pm |
| | Month | Day | Year | Hour |

An insurance policy is a contract and stands on no different grounds than any other contract. *Tonkovic v. State Farm Mut. Auto. Ins. Co.*, 513 Pa. 445, 521 A.2d 920 (1987). The parties' rights and obligations are governed by the policy terms. *McDivitt v. Pymatuning Mut. Fire Ins. Co.*, 303 Pa.Super. 130, 449 A.2d 612 (1982); *see also* Summ. Pa. Jur.2d, Insurance §§ 3:1–3:5.

Nationwide, as the assigned insurer, was bound by the effective date of coverage as indicated by the application, March 7, 1991. Its liability extended no further. It is not a court's function to rewrite a contract to comport with what it might deem to be a fairer result in a particular case. *See Penn–Air, Inc. v. Indemnity Insurance Co. of North America*, 439 Pa. 511, 517, 269 A.2d 19, 22 (1970). Giving due regard to reasonable expectations does not deny the insurer the opportunity to make explicit terms effective. Contrary to the trial court's application of the law, we find that the unambiguous and carefully placed language of the policy has significance in this case, and dictates this result. *Palladino, supra.*

Reversed.