

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2009

# Ginther v. Farmers New Cent Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3478

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Ginther v. Farmers New Cent Ins" (2009). *2009 Decisions.* Paper 1515.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1515

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3478
_____

DAVID GINTHER,
Appellant

v.

FARMERS NEW CENTURY INSURANCE COMPANY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cv-01365)
District Judge:  Honorable William J. Nealon
_____

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2009

Before:  RENDELL, FISHER and VAN ANTWERPEN, *Circuit Judges*.

(Filed: April 21, 2009)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

David Ginther appeals from the District Court's order granting summary judgment

in favor of Farmers New Century Insurance Company ("Farmers").  Ginther originally

sued Farmers seeking a declaratory judgment that he was entitled to underinsured

motorist ("UIM") coverage under each of his car insurance policies with Farmers, which existed because he purchased one separate policy for each of his two individual cars. The District Court determined that Ginther was not entitled to UIM benefits under his second vehicle's insurance policy. Ginther argues on appeal that the "other household vehicle" exclusion provision in his policy, which expressly excludes the coverage he seeks, is unenforceable under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. Cons. Stat. Ann. §§ 1701-1799.7. He also argues that he did not knowingly waive inter-policy stacking in his two car insurance policies, which would allow him to collect under both policies by combining, or stacking, the UIM benefits from each. Because we conclude that the applicable household exclusion clearly precludes Ginther's desired UIM coverage under his second vehicle's policy, we will affirm the order of the District Court.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In April 2001, Ginther sought new insurance policies for two cars belonging to him and his wife: a 1991 Ford Mustang and a 2000 Dodge Intrepid. Following the advice of his insurance agent, Ginther filed an application for insurance with Farmers and signed and submitted a "Rejection of 'Stacked Limits' for Underinsured Motorist

2

Coverage" form, which provided in pertinent part that "each vehicle insured under the policy [would] have its own limits of underinsured motorists coverage as stated in the policy." The form also stated that because he had agreed to waive stacking, his "premiums [would] be reduced." Farmers accordingly issued Ginther and his wife two separate single-vehicle insurance policies. Each provided $100,000 of nonstacked UIM coverage[1] and included the following household exclusion provision: "We do not provide Underinsured Motorists Coverage for 'bodily injury' sustained . . . [b]y you while 'occupying,' or when struck by, any motor vehicle you own which is not insured for this coverage under this policy."

On December 16, 2001, Ginther was rear-ended by another vehicle while driving his Intrepid. He sustained severe injuries to his back, requiring two surgeries, and was unable to return to his pre-accident profession. Ginther filed a third-party claim against the driver of the other vehicle, who was underinsured, and, with the consent of Farmers, settled for $25,000, which was the limit of the other driver's policy. Ginther then filed a UIM claim with Farmers seeking $200,000 – the maximum benefit ostensibly available given his $100,000 per policy UIM limit under both of his single-car insurance policies through Farmers. Farmers denied his claim.

---

[1]An insured purchases UIM coverage to "supplement the inadequate motoring liability insurance of an at-fault tort-feasor" and thereby protects himself from the possibility that a third-party tortfeasor's insurance will be inadequate to compensate him for his injuries. *See Nationwide Mut. Ins. Co. v. Riley*, 352 F.3d 804, 806 (3d Cir. 2003) (internal quotation marks omitted).

Ginther filed suit against Farmers alleging breach of contract and bad faith, and seeking a declaratory judgment that he was entitled to UIM benefits under each of his single-car insurance policies. Shortly thereafter, Farmers paid Ginther $100,000, which was the limit for UIM coverage on the Intrepid's insurance policy. Consequently, Ginther withdrew his breach of contract and bad faith claims, and continued to seek only a declaratory judgment that he was entitled to UIM benefits under the Mustang's policy. Both Ginther and Farmers filed motions for summary judgment. On August 13, 2004, the District Court granted summary judgment in favor of Farmers and denied it as to Ginther. The District Court reasoned that although Ginther's waiver of stacking may have been ineffective, he still could not recover the UIM limit on the Mustang's policy for an accident involving the Intrepid because the household exclusion in the policy was valid and consistent with public policy under the MVFRL. Ginther's timely appeal followed, which we held in abeyance pending the Supreme Court of Pennsylvania's decisions in *Craley v. State Farm Fire & Casualty Co.*, 895 A.2d 530 (Pa. 2006), and *Generette v. Donegal Mutual Insurance Co.*, 957 A.2d 1180 (Pa. 2008).

II.

The District Court had subject matter jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332(a). We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2]

Our review of a district court's grant of summary judgment is plenary. *State Farm Mut. Auto. Ins. Co. v. Rosenthal*, 484 F.3d 251, 253 (3d Cir. 2007). The scope of coverage of an insurance contract is a question of law and is also subject to plenary review. *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 360 (3d Cir. 2004). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether the District Court's grant of summary judgment was appropriate, we must view the facts in the light most favorable to Ginther, as the party opposing the

---

[2]"Where federal jurisdiction is based on diversity of citizenship, as it is here, we apply the choice of law rules of the state in which the District Court sat." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 360 (3d Cir. 2004). Under Pennsylvania choice-of-law rules, an insurance contract is governed by the law of the state in which the contract was made, *see Crawford v. Manhattan Life Ins. Co.*, 221 A.2d 877, 880 (Pa. Super. Ct. 1966), and the parties do not dispute that Pennsylvania law governs here.

motion, and draw from them any reasonable inferences that support his claim. *See Pilosi*, 393 F.3d at 360.

III.

Ginther argues the District Court erred in granting summary judgment in favor of Farmers because the household exclusion at issue violates the MVFRL and his waiver of stacking was invalid. He asserts that the Supreme Court of Pennsylvania's decisions in *Craley* and *Generette* – the cases for which we held our decision in abeyance – bolster his position. Specifically, he asserts that *Craley* supports his contention that he did not knowingly waive inter-policy stacking, and that he is therefore entitled to stack the $100,000 limit of UIM coverage from the Mustang's policy onto the $100,000 payment for UIM coverage under the Intrepid's policy, which he already received from Farmers. While we acknowledge that *Craley* makes clear that Pennsylvania law allows waivers of inter-policy stacking, *see* 895 A.2d at 540, we decline to decide whether Ginther knowingly waived inter-policy stacking because the household exclusion provides a sufficient basis to affirm.

Ginther claims the household exclusion is void as against public policy under the MVFRL because Farmers intentionally separated his household's insurance coverage into two single-car policies for the purpose of impermissibly narrowing the scope of his coverage, including preventing inter-policy stacking and its benefits. When interpreting an insurance contract, Pennsylvania case law instructs courts to "give plain meaning to a

6

clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy." *Prudential Prop. & Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 752 (Pa. 2002). In addition, "the application of public policy concerns in determining the validity of an insurance exclusion is dependent upon the factual circumstances presented in each case." *Id.*

We have upheld the validity of household exclusion provisions in insurance policies that are intentionally separated, issued by the same insurance company, and that cover cars within the same household. We have held such policies are a permissible means to decrease premium costs and that, under these policies, insureds cannot receive UIM benefits for which they have not paid. *See Nationwide Mut. Ins. Co. v. Riley*, 352 F.3d 804, 811 (3d Cir. 2003). We have also held that, under Pennsylvania case law, when a vehicle covered by its own separate policy is involved in an accident, a valid household exclusion provision "prohibits the 'stacking' of uninsured or underinsured coverage across multiple insurance policies." *Nationwide Mut. Ins. Co. v. Hampton*, 935 F.2d 578, 587 (3d Cir. 1991). Accordingly, "[t]he claimant may recover under the policy covering the occupied vehicle, but cannot add coverage provided by" a policy containing an exclusion. *Id.*

Additionally, the Supreme Court of Pennsylvania has consistently found that a household exclusion is compatible with the underlying public policy of the MVFRL. *See, e.g., Craley*, 895 A.2d at 542 (acknowledging that household exclusions have been

upheld as congruent with the public policy of containing insurance costs for insureds and preventing insurers from being held responsible for unforeseeable coverage); *Colbert*, 813 A.2d at 754-55; *Burstein v. Prudential Prop. & Cas. Ins. Co.*, 809 A.2d 204, 208 (Pa. 2002); *Eichelman v. Nationwide Ins. Co.*, 711 A.2d 1006, 1010 (Pa. 1998). In *Colbert*, the Supreme Court of Pennsylvania held that the language of the household exclusion at issue, which was similar to the language in Ginther's policy, was consistent with public policy. 813 A.2d at 755. The Court reasoned that finding for Colbert would "increase the cost of insurance" because Colbert "would receive benefits far in excess of the amount of coverage," precisely the situation the Pennsylvania Legislature was attempting to avoid in enacting the MVFRL. *Id.* at 754. In rendering its decision, the *Colbert* Court reiterated that the overarching policy for enacting the MVFRL was to control "'the spiralling consumer cost of automobile insurance and the resultant increase in the number of uninsured motorists driving on public highways.'" *Id.* (quoting *Burstein*, 809 A.2d at 207).

In the instant case, the household exclusion clearly rejects the UIM coverage Ginther seeks from the Mustang's policy because Ginther was "occupying" the Intrepid at the time of his accident and the two cars were insured under separate policies. Ginther purchased two separate car insurance policies for his vehicles that reduced his overall UIM coverage through the household exclusion, paid reduced premium fees as a result of that decision, and thus received the benefit of his bargain. We hold that the household

8

exclusion provision in Ginther's policy is clear, unambiguous, and not contrary to the underlying public policy of the MVFRL, and therefore we give meaning to its plain language.[3]  Under Pennsylvania law, the household exclusion prohibits Ginther from stacking his two car insurance policies to recover additional UIM benefits from the Mustang's policy for an accident that occurred while he was driving the Intrepid.

## IV.

For the aforementioned reasons, we will affirm the order of the District Court.

---

[3]Ginther argues *Generette* supports his assertion that the household exclusion provision is unenforceable under the MVFRL, but we conclude that the case does not have a determinative impact on the outcome of this appeal and reject Ginther's arguments to that effect.  Neither *Craley* nor *Generette* suggests that the household exclusion in Ginther's policy is unenforceable.