**In re Estate of Navarra**

*Frank G. Verterano*, for plaintiff.
*Jonathan Solomon*, for defendants.

HODGE, *J.*, May 14, 2014—This opinion is issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellant Procedure in support of the opinion and order of court dated February 14, 2014 granting the petition for declaratory judgment filed on behalf of Chrystie Clarke (hereinafter "petitioner"). Richard E. Navarra (hereinafter, "respondent") appeals from the February 14, 2014 order and contends that the court committed the following errors:

1. The court erred in relying upon language contained in the promissory note issued by Alleghany Group Incorporated rather than the stock purchase agreement in determining that the proceeds from the Alleghany Group, Inc. stock share proceeds were held as tenant by the entireties by Fred Navarra and Sandra Navarra.

2. The court erred by overlooking and/or disregarding evidence establishing that Fred Navarra and Sandra Navarra had severed the entireties ownership of the Alleghany Group, Inc. stock share proceeds.

Prior to addressing respondent's matters complained of on appeal, the court will provide the following procedural and factual background of this case:

Fred Navarra and Sandra Roberts were married on December 30, 1983. They established a marital residence on Phillips School Road in Wilmington Township, Pennsylvania. Fred and Sandra both had children from prior marriages, and their union created an extensive blended family.[1] Sandra eventually developed dementia, and Fred suffered severe physical injuries following an automobile accident in 2007. Fred and Sandra both relied on in-home caregivers to provide them with daily assistance. On January 29, 2007, petitioner, was appointed as Sandra's agent under a durable power of attorney. On May 14, 2007, Nickolas F. Paolini was appointed as Fred's agent under a durable power of attorney. On December 31, 2009, Mr. Paolini and petitioner executed a stock purchase agreement, wherein 160,807 shares of Allegheny Group, Inc. were sold for $2.41 per share. The funds received were intended to pay for costs associated with Fred and Sandra's in-home care, and made payable in equal halves to Fred and Clarke, as Sandra's agent.

Due to her mother's dementia and Fred's declining physical health, petitioner believed that Sandra was not receiving proper care at the marital residence, and petitioner moved Sandra into an assisted living facility on November 11, 2009. Fred opposed Sandra's relocation, but lacked the physical willpower or legal authority to oppose petitioner's decisions as her mother's agent.

---

1. Richard Navarra (formerly married to Chris Navarra), Linda D'Augostine, JoAnne Navarra and Charlene Navarra are the children of Fred H. Navarra. Chrystie Clark and Brent Young are the children of Sandra R. Navarra.

On December 11, 2012, petitioner filed a request for declaratory judgment at case number 100 of 2012, orphans' court. Petitioner sought a determination regarding ownership of the remaining proceeds from the stock purchase agreement entered into by Fred Navarra, petitioner and Allegheny Group, Inc. petitioner also requested title to a 2001 Mercury Sable, which was purchased by Fred and Sandra during their marriage, but titled in the name of Sanfred Management Company and used exclusively by Sandra until 2007. Following extensive hearings, this court ultimately determined that both the Mercury Sable and the Allegheny Group, Inc. stock proceeds were owned by Fred and Sandra Navarra as tenants by the entireties. From this determination, respondent appeals.

When reviewing the determination of the trial court in a declaratory judgment action, the appellate court's scope of review is narrow. *O'Brien v. Nationwide Mut. Ins. Co.*, 689 A.2d 254, 257 (Pa. Super. 1996) (citing *Nationwide Mut. Ins. Co. v. Johnson*, 676 A.2d 680, 682 (Pa. Super. 1996)). Declaratory judgment actions follow the practice and procedure of an action in equity. *Id.* Consequently, the decision of a lower court is treated as a decree in equity, and the factual conclusions of that court will be set aside only where they are not supported by adequate evidence. *Id.*

Respondent's first matter complained of on appeal alleges that the court erred in relying upon language contained in the promissory note issued by Alleghany Group Incorporated rather than the stock purchase agreement. After review of this court's February 18, 2014 opinion, the court finds respondent's contention to be without merit. The court fully considered both the stock purchase agreement and promissory note when evaluating

whether the proceeds from the Alleghany Group, Inc. stock share were held as tenant by the entireties by Fred Navarra and Sandra Navarra. As the finder of fact, the court determined that the language contained in the promissory note succinctly titled the debt to Fred Henry Navarra and Sandra Roberts Navarra as *husband and wife*. The court found this characterization to be dispositive of the issue as reliable and credible evidence that the stock proceeds where in fact held as tenant by the entireties. *See In Re: Estate of Fred H. Navarra*, No. 100 of 2012, O.C. pp. 14-17 (Law.Co. 2014).

The remaining matter complained of on appeal by Respondent contends that the court overlooked and/or disregarded evidence establishing that Fred Navarra and Sandra Navarra had severed the entireties ownership of the Alleghany Group, Inc. stock share proceeds. Again, after a review of this court's February 18, 2014 opinion, the court believes that all the evidence submitted throughout the course of these proceedings was thoroughly evaluated prior to making a determination. The fact that the court found alternative evidence more persuasive in reaching its conclusion does not equate to reversible error.

For the foregoing reasons, the court is satisfied that this opinion in corroboration with its February 18, 2014 opinion, fully justifies its decision to grant petitioner's request for declaratory judgment. Respondent's appeal should therefore be denied in its entirety.

## ORDER OF COURT

And now, this 14th day of May, 2014, the court having received respondent's concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), the court hereby directs that the attached opinion be

filed to satisfy the requirements of Pa.R.A.P. 1925(a). The Prothonotary of Lawrence County is directed to immediately assemble the record and transmit said record to the Superior Court of Pennsylvania as required by the applicable Rules of Appellate Procedure.

The prothonotary shall serve a copy of this order of court upon counsel of record for the parties.